UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62341-CIV-SINGHAL

ISRAEL BINZHA BANCHI,

    Plaintiff,

vs.

MITCHELL DIAZ, in his official capacity as
Assistant Field Office Director, Broward
Transitional Center, *et al.*,

    Defendants.
_____/

## ORDER

    Israel Binzha Banchi ("Banchi" or "Petitioner") is currently detained at the Broward Transitional Center pending removal proceedings pursuant to 8 U.S.C. § 1229(a). He filed a Petition for Writ of Habeas Corpus (DE [1]) seeking a declaration that his detention is unlawful, and issuance of a writ of habeas corpus requiring that he be released or be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. The Court held a hearing on January 15, 2026. For the reasons discussed below, Banchi's Petition is denied.

    I.    INTRODUCTION

    Petitioner is a Mexican national who has been residing in the United States since 2017. He entered the United States without admission or parole at an unknown date and place. (DE [9-5] ¶ 7). On September 23, 2025, he was encountered by local law enforcement and transferred to the custody of ICE ERO, in Fort Myers, Florida. *Id.* ¶ 8. This was, presumably, his first encounter with immigration authorities.

    The Record of Deportable/Inadmissible Alien report, Form I-213, dated September 23, 2025, lists as the current administrative charges: "212a6Ai – ALIEN PRESENT

WITHOUT ADMISSION OR PAROLE – (PWAs) (DE [9-1]). The Department of Homeland Security ("DHS") issued a Warrant for Arrest (I-200) for Petitioner (DE [9-3]) for immigration violations. DHS also issued a Notice of Custody Determination (I-286) (DE [9-4]) stating that under section 236 of the Immigration and Naturalization Act ("INA")[1] and part 236 of title 8, Code of Federal Regulations, he would be detained by DHS. *Id.* Petitioner was informed that he could request a review of the custody determination by an immigration judge, but he declined to request a review. *Id.*

On July 8, 2025, Rodney Scott, Commissioner of the U.S. Customs and Border Protection, issued a statement advising that DHS revised its legal position on detention and release authorities. DHS determined that section 235 of the Immigration and Nationality Act (INA), rather than section 236, is the applicable immigration detention authority for all "applicants for admission" and that **"[e]ffective immediately, it is the position of DHS that applicants for admission are subject to mandatory detention under INA § 235(b) and may not be released from DHS custody except by INA § 212(d)(5) parole."** The new policy "includes all aliens who are encountering DHS for the first time, regardless of when or where that first encounter occurs."[2] Further, the use of a Warrant for Arrest and Notice of Custody Determination under § 1226 would no longer be an option for applicants for admission.

On November 19, 2025, Petitioner filed a Petition for Writ of Habeas Corpus (DE [1]) alleging that (1) his continued detention under 8 U.S.C. § 1225(b) is unlawful because it does not apply to persons who entered the country and have been residing in the United States prior to apprehension; (2) his continued detention under § 1225(b)

---

[1] Section 236 of the INA is codified at 28 U.S.C. § 1226.
[2] https://www.cbp.gov/sites/default/files/2025-09/intc-46100_-_c1_signed_memo_-_07.10.2025.pdf. (Emphasis in original)

violates applicable regulations; and (3) his continued detention violates the Due Process Clause. The Petition states that the denial of custody was based on the new DHS policy described above. (DE [1] ¶ 3).  He asks that the Court issue a writ requiring Respondents to release him, or in the alternative, provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a).

ERO cancelled the Notice of Custody Determination on December 19, 2025, in accordance with the new detention policy. *Id.* ¶ 10; (DE [7-4]). Respondents argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b).

## II. LEGAL STANDARDS

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents make several procedural challenges to the Petition. First, Respondents state that Petitioner's immediate custodian is the Assistant Field Office Director ("AFOD") of the Broward Transitional Center, Juan Gonzalez. The proper Defendant in this action is Juan Gonzalez, in his official capacity. *Rumsfield v. Padilla,* 542 U.S. 426 (2004). The AFOD has been sued; the Court will substitute the name of Juan Gonzalez, in his official capacity as the AFOD of the Broward Transitional Center, as the proper Defendant. Fed. R. Civ. P. 17(a)(3).

Next, Respondent argues that Petitioner has failed to exhaust his administrative remedies by not requesting a bond hearing. This is undisputed. But the failure to exhaust administrative remedies is not a bar "where no genuine opportunity for adequate relief exists … or an administrative appeal would be futile[.]" *Linfors v. United States,* 673 F.2d 332, 334 (11th Cir. 1982).

Any request for a bond hearing would have been futile because the Board of Immigration Appeals ("BIA") recently issued an opinion, *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (B.I.A. 2025), that expressly rejected the relief Petitioner requests in this action. The BIA upheld the policy announced in July 2025 and concluded that "aliens who are present in the United States without admission are applicants for admission as defined under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." 29 I&N Dec. at 220.

Petitioner argues that his detention should be classified under 8 U.S.C. § 1226(a), which would give him an opportunity for an individualized bond determination. Immigration judges are bound by the *Hurtado* decision and, therefore, a request for a bond hearing would have served no purpose. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) is not jurisdictional, *Kemokai v. U.S. Attorney General,* 83 F.4th 886, 891 (11th Cir. 2023), and Petitioner may proceed with his case.

As for the merits, Petitioner argues that he should be detained pursuant to 8 U.S.C. § 1226, which permits him to have a bond hearing:

> **(a) Arrest, detention, and release**
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and

4

      (2) may release the alien on—

          (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
          (B) conditional parole; but

      (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

28 U.S.C. § 1226(a). The applicable regulation, 8 C.F.R. § 1236.1(d), provides that after the initial custody determination is made, the alien may make request a hearing before an immigration judge.

Respondent contends that the governing statute, 8 U.S.C. § 1225, provides for mandatory detention of aliens in removal proceedings and that it is correctly applied in this case. Section 1225 is entitled: **"Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing**." The relevant portions are as follows:

**(a) Inspection**

**(1) Aliens treated as applicants for admission**

An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.[3]

                \*\*\*

(b) **Inspection of applicants for admission**

(1) **Inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled**

---

[3] "Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

5

(A) **Screening**

    (i)    **In general**

If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii)[4] is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review, unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution.

\*    \*    \*

**(IV) Mandatory detention**

Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed.

(2) **Inspection of other aliens**

(A) **In general**

Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

28 U.S.C. § 1225.

Petitioner argues that DHS is incorrectly applying § 1225(b)(2) to him; that he is not an "alien seeking admission" and, therefore, he can only be detained under 28 U.S.C. § 1226(a), which would afford him a custody hearing before an immigration judge.

---

[4] This refers to an alien, at the discretion of the Attorney General, "who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period prior to the date of determination of inadmissibility under this paragraph." 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

Petitioner also challenges Respondent's ability to change his status post-arrest from a detainee under § 1226(a) to one detained under §1225(b)(2).

The Court finds no impediment in this case to DHS's re-classification of Petitioner's status from § 1226 to § 1225.  *See Hyppolite v. Noem,* 2025 WL 2829511, at *8 (E.D.N.Y. Oct. 6, 2025) (recognizing that DHS's own initial classification of alien's detention is not dispositive or controlling). Petitioner's arrest occurred after DHS's changed policy was in effect and, significantly, Petitioner was never released from custody prior to the re-classification requiring mandatory detention. *Cf., Lopez-Arevelo v. Ripa,* 801 F. Supp. 3d 668, 681 (W.D. Tex. 2025) (mandatory detention policy unconstitutionally applied to alien who had been released from custody three years earlier). The only issue is whether Petitioner can be detained under § 1225(b)(2).

He can. In a recent opinion, *Morales v. Noem,* 25-62598-CIV-SINGHAL (S.D. Fla. Jan. 29, 2026) this Court concluded that an alien who entered the United States in 2004 without inspection by immigration authorities is an applicant for admission subject to detention §1225(b)(2) and not entitled to a bond hearing. This Court admittedly struck a different course than other judges in this District, but after a thorough review of § 1225 and § 1226, concluded that § 1225(b)(2) is not ambiguous, that the two statutes do not impermissibly overlap, and that the petitioner's detention under § 1225(b)(2) is not unlawful. *See, id.* (DE [10]).  So too in this case. For the reasons explained in *Morales,* Court concludes that Petitioner's detention under § 1225(b)(2) pending a removal hearing is lawful. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus filed by Israel Binzha Banchi (DE [1]) is **DENIED.** The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of January 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF